■ THE EDGE MANAGEMENT CONSULTING, INC., Plaintiff, v AUDREY M. IRMAS, Defendant. (And Other Actions.) AUDREY M. IRMAS, Second Fourth-Party Plaintiff-Respondent, v IAN BANKS, INC., Second Fourth-Party Defendant-Appellant, and TRAVELERS PROPERTY CASUALTY, Second Fourth-Party Defendant-Respondent. [761 NYS2d 172] —Appeal from decision and order, Supreme Court, New York County (Paula Omansky, J.), entered June 17, 2002, which, to the extent appealed from, stated that appellant "willingly accepted a duty to obtain insurance for [respondent] Irmas and [respondent] Trump," unanimously dismissed, without costs.

The language purportedly appealed from is dicta in the context of the motion court's decision and order, inter alia, denying second fourth-party defendant Travelers' cross motion for summary judgment dismissing the second fourth-party action brought by respondent Irmas to obtain, inter alia, a declaration that Travelers is obliged to defend her in the main action. Accordingly, since "disagreement with certain dicta in the order does not furnish a basis to take an appeal" (*9th & 10th St. v Adopt-A-Building, Inc.*, 188 Misc 2d 611, 612 [2001], citing *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]; *and see Schuster v Schweitzer*, 203 AD2d 552 [1994]), the appeal must be dismissed (*see also* CPLR 5511).

We would note, however, that the record does not in its present state permit the conclusion that appellant did in fact willingly assume a duty to obtain insurance for respondents Irmas

and Trump. It would appear that there are issues of fact in that regard. Concur—Buckley, P.J., Mazzarelli, Rosenberger and Marlow, JJ.