■ In the Matter of LAKE GROVE PARTNERS, LLC, Appellant, v SCOTT D. MIDDLETON, Respondent. [814 NYS2d 741]—In a proceeding, inter alia, pursuant to CPLR article 78 to review a resolution of the Board of Trustees of the Incorporated Village of Lake Grove dated June 3, 2004, issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8) regarding the adoption of a "Business Districts Plan" and the enactment of its implementing legislation, the petitioner appeals from (1) a decision of the Supreme Court, Nassau County (Alpert, J.), dated March 11, 2005, and (2) a judgment of the same court entered April 13, 2005, which, upon the decision, denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Contrary to the petitioner's contention, the record demonstrates that the Board of Trustees of the Incorporated Village of Lake Grove took a hard look at the relevant areas of environmental concern, and set forth a reasoned elaboration of the basis of its determination to issue the negative declaration (*see Niagara Recycling v Town Bd. of Town of Niagara*, 83 AD2d 335, 341 [1981], *affd* 56 NY2d 859 [1982]). Furthermore, that determination is neither affected by an error of law nor was it arbitrary and capricious (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688-690 [1996]; *Patterson Materials Corp. v Town of Pawling*, 264 AD2d 510, 511-512 [1999]; *cf. Matter of Philger Realty Corp. v Town Bd. of Town of E. Hampton*, 262 AD2d 564, 564-565 [1999]). Accordingly, the Supreme Court correctly denied the petition and dismissed the proceeding.

The petitioner's remaining contentions are either not properly before this Court (*cf. Matter of Khatib v Liverpool Cent. School Dist.*, 244 AD2d 957 [1997]; *Schuster v Schweitzer*, 203 AD2d 552, 553 [1994]), or are without merit. Florio, J.P., Adams, Goldstein and Lunn, JJ., concur.