■ COMPANION LIFE INSURANCE COMPANY OF NEW YORK, Appellant, v ALL STATE ABSTRACT CORP., Defendant, and ANGELA WALLACE, Respondent. [829 NYS2d 535]—

In an action, inter alia, for a judgment declaring that the plaintiff was not obligated to pay the proceeds of a policy of life insurance, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Skelos, J.), dated March 30, 2004, as, upon granting the motion of the defendant Angela Wallace pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her, stated that the disclosure sought from her violated her spousal privilege, and (2) from an order of the same court, also dated March 30, 2004.

Ordered that the appeals are dismissed, without costs or disbursements.

The Supreme Court granted the motion of the defendant

Angela Wallace to dismiss the complaint insofar as asserted against her on the ground that it failed to state a cause of action. It also denied the plaintiff's motion to compel her testimony with regard to aspects of her deceased husband's medical treatments and personal affairs "[in] light of the court's decision granting [her] motion dismissing the complaint as against her." The plaintiff, as limited by its brief, does not challenge the propriety of the orders on appeal. Rather, it only challenges a statement made by the Supreme Court in a portion of the decision granting the motion to dismiss, to wit, that the plaintiff's "efforts to compel Ms. Wallace's testimony in violation of her spousal privilege is denied." Since no appeal lies from dicta, the appeals must be dismissed (*see Schuster v Schweitzer,* 203 AD2d 552 [1994]; *see also Matter of Lake Grove Partners, LLC v Middleton,* 29 AD3d 794 [2006]; *Edge Mgt. Consulting v Irmas,* 306 AD2d 69 [2003]; *Matter of Khatib v Liverpool Cent. School Dist.,* 244 AD2d 957, 957-958 [1997]). Adams, J.P., Ritter, Mastro and Spolzino, JJ., concur.