■ B & N PROPERTIES, LLC, Appellant-Respondent, v ELMAR ASSOCIATES, LLC, et al., Respondents-Appellants, et al., Defendants. (Action No. 1.) CENTRAL EQUITIES CREDIT CORP., Plaintiff, v B & N PROPERTIES, LLC, Appellant-Respondent, and ELMAR ASSOCIATES, LLC, et al., Respondents-Appellants, et al., Defendants. (Action No. 2.) ELMAR ASSOCIATES, LLC, et al., Respondents-Appellants, v B & N PROPERTIES, LLC, Appellant-Respondent, et al., Defendants. (Action No. 3.) (And Another Title.) [858 NYS2d 720]—In related actions, inter alia, to recover damages for breach of contract and for a judgment declaring the rights of the parties in certain escrowed funds, B & N Properties, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated March 1, 2007, as denied its cross motion for summary judgment dismissing the counterclaims and cross claims asserted against it by Elmar Associates, LLC, in action Nos. 1 and 2, respectively, and dismissing the complaint insofar as asserted against it in action No. 3, and Elmar Associates, LLC, Martin B. Gross, Elliot S. Gross, Gross & Gross, LLP, and Harry S. Katz cross-appeal, as limited by their notice of appeal and brief, from

so much of the same order as stated that the United States Bankruptcy Court retained jurisdiction over the distribution of the escrowed funds.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants.

The respondents-appellants concede that the statement they are seeking to challenge on their cross appeal is dicta. Since this is the only issue raised by the respondents-appellants, the cross appeal must be dismissed, as no appeal lies from dicta (*see Companion Life Ins. Co. of N.Y. v All State Abstract Corp.*, 35 AD3d 518 [2006]; *Edge Mgt. Consulting v Irmas*, 306 AD2d 69 [2003]).

The Supreme Court denied the appellant-respondent's cross motion for summary judgment dismissing the cross claims and counterclaims asserted against it by Elmar Associates, LLC, in action Nos. 1 and 2, respectively, and dismissing the complaint insofar as asserted against it in action No. 3. We affirm, but for a reason different from that stated by the Supreme Court. As the respondents-appellants argue, the cross motion should have been denied as having been made in violation of the rule against successive motions for summary judgment (*see Selletti v Liotti*, 45 AD3d 669 [2007]; *Williams v City of White Plains*, 6 AD3d 609 [2004]). In any event, we note that the Supreme Court correctly determined that there are triable issues of fact which preclude the granting of summary judgment (*see Capuano v Platzner Intl. Group*, 5 AD3d 620 [2004]; *Davidson Metals Corp. v Marlo Dev. Co.*, 262 AD2d 599 [1999]).

Motion by the appellant-respondent on an appeal and cross appeal from an order of the Supreme Court, Kings County, dated March 1, 2007, to strike point II of the reply brief of the respondents-appellants. By decision and order of this Court dated February 11, 2008, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is granted, and point II of the reply brief of the respondents-appellants is stricken and has not been considered on the appeal. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.