In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated August 20, 2012, as stated that the plaintiff should be given an opportunity to rebut the presumption that deposits of separate property made by the plaintiff into the parties’ joint accounts transmuted into marital property.
Ordered that the appeal is dismissed, with costs; and it is further,
Ordered that on the Court’s own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against the defendant and/or her counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of an affirmation or affidavit on that issue with the Clerk of this Court and serving one copy of the same on each other on or before June 27, 2014; and it is further,
Ordered that the Clerk of this Court, or her designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.
Under the circumstances, the statement challenged by the defendant in the order appealed from, that the plaintiff “should be given an opportunity to rebut the presumption that [his] separate asset[s] transmuted into marital property” upon being deposited into the parties’ joint accounts, is dicta (see Colonial City Traction Co. v Kingston City R.R. Co., 154 NY 493, 495 [1897]; Rohrbach v Germania Fire Ins. Co., 62 NY 47, 58 [1875]; Matter of Herle, 165 Misc 46, 50 [Sur Ct, Kings County 1937]). Accordingly, we dismiss the appeal, as no appeal lies from dicta (see B & N Props., LLC v Elmar Assoc., LLC, 51 AD3d 831, 832 [2008]; Companion Life Ins. Co. of N.Y. v All State Abstract Corp., 35 AD3d 518, 519 [2006]; Edge Mgt. Consulting v Irmas, 306 AD2d 69 [2003]), and do not address the merits of the parties’ contentions.
In addition, since it is well settled that a spouse has a right to rebut the presumption that property is marital, and considering the defendant’s extended discovery requests in this case, this appeal may constitute frivolous litigation and sanctions may be warranted (see 22 NYCRR 130-1.1 [c] [3]; see generally Gihon, LLC v 501 Second St., LLC, 103 AD3d 840, 842 [2013]; 245 *1036 Realty Assoc. v Sussis, 243 AD2d 29, 32 [1998]).
Dillon, J.E, Leventhal, Sgroi and Maltese, JJ., concur.