■ In the Matter of KENSINGTON INSURANCE COMPANY et al., Appellants, v JAMES RIVER SPECIALTY INSURANCE COMPANY, Respondent. [997 NYS2d 407]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered December 13, 2013, which granted respondent's cross motion to dismiss the petition seeking to permanently stay arbitration of a dispute over insurance coverage in an underlying personal injury action, and to compel arbitration, unanimously affirmed, with costs.

This dispute over liability insurance coverage involves a contract "evidencing a transaction involving commerce," and is therefore governed by the Federal Arbitration Act (9 USC § 1 *et seq.*) (*Cusimano v Schnurr*, 120 AD3d 142, 147 [1st Dept 2014] [internal quotation marks omitted]). Supreme Court properly found that the arbitration provision in the policy under which petitioner landlord was an additional insured was clear and unambiguous and applied to the instant coverage dispute. Even if there were any ambiguity in the language, it would be resolved in favor of arbitrability (*see DiBello v Salkowitz*, 4 AD3d 230, 232 [1st Dept 2004]).

The court properly rejected petitioners' various arguments that it was not bound by the arbitration clause. Petitioners cannot both seek coverage under a policy and claim not be bound by its provisions (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]). Similarly, the fact that respondent has disclaimed coverage does not strip it of its rights under the arbitration clause (*see id.*). Furthermore, although petitioners extensively argue the merits of the case, the merits are outside the scope of a proceeding to compel or stay arbitration (*see Matter of Prinze [Jonas]*, 38 NY2d 570, 574 [1976]; CPLR 7501). Thus, we agree with respondent that any statements as to the merits made in the court's order were mere dicta and not binding on the parties (*see Edge Mgt. Consulting v Irmas*, 306 AD2d 69 [1st Dept 2003]). Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ.