Appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 13, 2015. The order, insofar as appealed from, denied that branch of the plaintiff’s motion which was, in effect, to clarify a prior order of that court.
 

 Ordered that the appeal is dismissed, with costs, as the appellant is not aggrieved by the portion of the order appealed from (see CPLR 5511).
 

 The plaintiff, the assignee of a mortgage on certain real property, commenced this action for a judgment declaring, inter alia, that it was entitled to sell the property “free and clear” of a reverse mortgage held by the defendant. The plaintiff moved, among other things, for summary judgment on the complaint, and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint “with prejudice.” In an order entered December 9, 2014, the Supreme Court determined, among other things, that the “defendant is entitled to summary judgment dismissing the complaint,” and granted the defendant’s cross motion.
 

 Thereafter, the plaintiff moved, inter alia, in effect, to clarify the order entered December 9, 2014, as to whether the dismissal of the complaint was “with or without prejudice.” In an order entered May 13, 2015, the Supreme Court, among other things, denied that branch of the plaintiff’s motion which was for clarification as to whether dismissal of the complaint was with or without prejudice and stated that “the order speaks for itself.” The court also made some statements regarding its prior determination and the appropriate methods for the parties to address the issue of which party held the superior lien. The defendant appeals from the order entered May 13, 2015.
 

 Since the order appealed from expressly denied that branch of the plaintiff’s motion which was, in effect, to clarify the prior order as to whether the dismissal of the complaint was with or without prejudice, the defendant is not aggrieved by the portion of the order appealed from (see Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]). Further, the Supreme Court’s statements are not reviewable, “as no appeal lies from dicta” (Waldorf v Waldorf, 117 AD3d 1035, 1035 [2014]; see B & N Props., LLC v Elmar Assoc., LLC, 51 AD3d 831, 832 [2008]; Companion Life Ins. Co. of N.Y. v All State Abstract Corp., 35 AD3d 518, 519 [2006]; Edge Mgt. Consulting v Irmas, 306 AD2d 69 [2003]).
 

 Accordingly, the appeal must be dismissed.
 

 Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.