Matter of Doe v Rensselaer Polytechnic Inst. (2019 NY Slip Op 03872)





Matter of Doe v Rensselaer Polytechnic Inst.


2019 NY Slip Op 03872


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527466

[*1]In the Matter of JOHN DOE, Respondent,
v
RENSSELAER POLYTECHNIC INSTITUTE et al., Appellants.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Pattison, Sampson, Ginsberg & Griffin, PLLC, Troy (Michael E. Ginsburg of counsel), for appellants.
Cooper Erving & Savage, LLP, Albany (Brett D. French of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Supreme Court (Elliott III, J.), entered November 16, 2017 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents finding petitioner guilty of violating the Student Sexual Misconduct Policy of respondent Rensselaer Polytechnic Institute.
In the summer of 2016, a female student from respondent Rensselaer Polytechnic Institute (hereinafter RPI) lodged a sexual assault complaint against petitioner — an international student who was completing an advanced degree at the University at Albany, State University of New York (hereinafter SUNY Albany) — alleging that he had assaulted her at his residence, which was not on RPI property, in September and October 2015, in violation of RPI's Student Sexual Misconduct Policy (hereinafter the policy). Ultimately, in December 2016, petitioner was informed by respondent Larry Hardy, the Title IX coordinator at RPI, that, as is relevant here, after a thorough investigation, respondents had determined, by a preponderance of the evidence, that petitioner had violated the policy and that RPI would contact SUNY Albany to provide it with a redacted copy of the investigation report and record documents.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking to, among other things, annul respondents' determination because it was arbitrary and capricious and to enjoin respondents from giving the complaint and investigation record to SUNY Albany. Supreme Court granted the petition, finding that, because petitioner was not an RPI student and the alleged misconduct took place off campus, respondents lacked jurisdiction under the policy and, as such, the determination was arbitrary and capricious. Moreover, as relevant here, the court stated in its decision that it "f[ound] that the conduct demonstrated by [respondents] towards [p]etitioner during the initial course of this investigation was a clear violation of his constitutional rights." Respondents appeal.
Rather than argue on appeal that Supreme Court erred in annulling their determination on the basis that it was arbitrary and capricious, respondents only seek to vacate that part of the court's decision finding that respondents violated petitioner's constitutional rights. Although respondents argue to the contrary, we find that this language — which was "not necessary to resolve [the] issue" of whether respondents' actions were arbitrary and capricious — is mere dicta (Pollicino v Roemer & Featherstonhaugh, 277 AD2d 666, 668 [2000]; see Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1132 [2018]). Inasmuch as "disagreement with dicta does not provide a basis to take an appeal" (Matter of FMC Corp. v New York State Dept. of Envtl. Conservation, 151 AD3d 1416, 1417 [2017]; see B & N Props., LLC v Elmar Assoc., LLC, 51 AD3d 831, 832 [2008]), this issue is not properly before us. Notwithstanding, we decline petitioner's request to issue sanctions because, although the argument lacks merit, we do not find it to be frivolous (see 22 NYCRR 130-1.1 [c]).
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, with costs.