Naula v Utokilen, LLC (2020 NY Slip Op 01355)





Naula v Utokilen, LLC


2020 NY Slip Op 01355


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-11339
 (Index No. 709320/16)

[*1]Victor Naula, plaintiff, 
v
Utokilen, LLC, et al., defendants third-party plaintiffs-respondents, Adapt Construction, LLC, defendant-appellant; Specialized Dental Construction, Inc., third-party defendant- appellant.


Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for defendant-appellant.
Melito & Adolfsen P.C., New York, NY (Louis G. Adolfsen and Steven I. Lewbel of counsel), for third-party defendant-appellant.
Andrea G. Sawyers, Melville, NY (Dominic Zafonte of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Adapt Construction, LLC, appeals, and the third-party defendant, Specialized Dental Construction, Inc., separately appeals, from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered August 16, 2018. The order, insofar as appealed from by the defendant Adapt Construction, LLC, made certain statements about the finding of the Workers' Compensation Board. The order, insofar as appealed from by the third-party defendant, Specialized Dental Construction, Inc., denied its motion for summary judgment dismissing the third-party complaint and granted that branch of the cross motion of the defendants third-party plaintiffs, Utokilen, LLC, and Nancy Marin-Rojas D.D.S., P.C., which was for summary judgment dismissing its affirmative defenses based on the exclusivity provisions of the Workers' Compensation Law.
ORDERED that the appeal by the defendant Adapt Construction, LLC, is dismissed; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the third-party defendant, Specialized Dental Construction, Inc.; and it is further,
ORDERED that one bill of costs is awarded to the defendants third-party plaintiffs, Utokilen, LLC, and Nancy Marin-Rojas D.D.S., P.C., payable by the defendant Adept Construction, LLC, and the third-party defendant, Specialized Dental Construction, Inc.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained when he fell at a work site located at premises owned by the defendant third-party plaintiff Utokilen, LLC (hereinafter Utokilen), and leased by the defendant third-party [*2]plaintiff Nancy Marin-Rojas D.D.S., P.C. (hereinafter Marin-Rojas). Following a hearing before the Workers' Compensation Board (hereinafter the WCB), the plaintiff was awarded workers' compensation benefits. The WCB made a finding that the plaintiff's employer, the third-party defendant, Specialized Dental Construction, Inc. (hereinafter Specialized Dental), was uninsured at the time of the accident. The WCB also found that the defendant Adapt Construction, LLC (hereinafter Adapt), which failed to appear at the subject hearing, was the general contractor and that Specialized Dental was the subcontractor on the subject construction project. Utokilen and Marin-Rojas commenced a third-party action against Specialized Dental sounding in common-law indemnification and contribution. Specialized Dental moved for summary judgment dismissing the third-party complaint, invoking its affirmative defense based on the exclusivity provisions of Workers' Compensation Law § 11, and further arguing that it cannot be held liable in common-law contribution or indemnity to Utokilen and Marin-Rojas because the plaintiff did not sustain a grave injury within the meaning of Workers' Compensation Law § 11. Utokilen and Marin-Rojas opposed Specialized Dental's motion and cross-moved for summary judgment dismissing Specialized Dental's and Adapt's affirmative defenses based upon the exclusivity provisions of Workers' Compensation Law § 11. Insofar as is pertinent herein, Utokilen and Marin-Rojas argued that Specialized Dental cannot invoke Workers Compensation Law § 11 because it was uninsured at the time of the accident. By order entered August 16, 2018, the Supreme Court granted Utokilen and Marin-Rojas's cross motion and denied Specialized Dental's motion. Specialized Dental appeals. Adapt also appeals, but only from so much of the order as stated that Adapt had been found by the WCB to be a general contractor on the subject construction project and that Adapt's opposing stance was a collateral attack of the WCB's finding.
Workers' Compensation Law § 11 prohibits third-party claims for indemnification and contribution against an employer unless the employee has sustained a "grave injury" as defined in that statute or, as is not relevant herein, there is a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution or indemnification of the claimant (see Workers' Compensation Law § 11; Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367; Muhjaj v 77 Water St., Inc., 148 AD3d 1165, 1166-1167). However, "an employer cannot benefit from the protections of Workers' Compensation Law § 11 against third-party liability when it fails to secure workers' compensation insurance" (Sarmiento v Klar Realty Corp., 35 AD3d 834, 837; see Boles v Dormer Giant, Inc., 4 NY3d 235, 240). Here, Utokilen and Marin-Rojas demonstrated, prima facie, that Specialized Dental had a lapse in workers' compensation insurance at the time of the subject accident. In opposition, Specialized Dental failed to raise triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of Utokilen and Marin-Rojas's cross motion which was for summary judgment dismissing Specialized Dental's affirmative defenses based on the exclusivity provisions of Workers' Compensation Law § 11, and denying Specialized Dental's motion for summary judgment dismissing the third-party complaint.
We dismiss Adapt's appeal because it is not aggrieved by the portions of the order that it appeals from, which constituted dicta (see Waldorf v Waldorf, 117 AD3d 1035). A party is not aggrieved merely because it "disagrees with the particular findings, rationale or the opinion supporting" a judgment or order (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545). That a decision "may contain language or reasoning which . . . parties deem adverse to their interests does not furnish them with a basis for standing to take an appeal" (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473). Thus, we do not address the merits of the parties' contentions on the issue of whether the WCB's findings have collateral estoppel effect on Adapt's position that it was not involved with the subject construction project.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court