Laffey v Laffey Fine Homes Intl., LLC (2021 NY Slip Op 08227)





Laffey v Laffey Fine Homes Intl., LLC


2021 NY Slip Op 08227


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-08919 
2019-00180
 (Index No. 609757/17)

[*1]Philip Laffey, et al., appellants-respondents, 
v
Laffey Fine Homes International, LLC, et al., respondents- appellants, et al., defendant; John Spellman, nonparty- respondent.


Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller and Andrew S. Lewner of counsel), for appellants-respondents.
Turek Roth Grossman LLP, New York, NY (Jason A. Grossman of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, (1) the plaintiffs appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered June 18, 2018, and (2) the plaintiffs appeal, and the defendants Laffey Fine Homes International, LLC, Laffey Fine Homes International of Woodbury, LLC, Laffey Fine Homes of Woodbury, LLC, Laffey International Realty, LLC, Laffey Real Estate, LLC, Laffey Referral Network, Inc., and US 1 Laffey of Williston Park, Inc., cross-appeal, from an order of the same court entered December 5, 2018. The order entered June 18, 2018, insofar as appealed from, upon reargument and, in effect, vacating so much of an order of the same court dated December 21, 2017, as granted that branch of the plaintiffs' prior motion which was to appoint a receiver for the defendants and thereupon denying that branch of the motion, thereupon directed the plaintiffs Philip Laffey and Mark Laffey to each pay one-third of the commissions of the receiver and made certain statements regarding the imposition of a constructive trust. The order entered December 5, 2018, insofar as appealed from, granted the motion of the receiver pursuant to CPLR 8004(b) for the payment of his unpaid commissions to the extent of directing the plaintiffs Philip Laffey and Mark Laffey to each pay one-third of the receiver's unpaid commissions and denied the plaintiffs' motion, in effect, to clarify statements in the order entered June 18, 2018, regarding the imposition of a constructive trust. The order entered December 5, 2018, insofar as cross-appealed from, granted the motion of the receiver pursuant to CPLR 8004(b) for the payment of his unpaid commissions to the extent of directing nonparty Emmett Laffey to pay one-third of the receiver's unpaid commissions and granted that branch of the plaintiffs' cross motion which was to direct nonparty Emmett Laffey to pay one-third of the receiver's unpaid commissions.
ORDERED that the appeal from the order entered June 18, 2018, is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order entered December 5, 2018, as denied the plaintiffs' motion, in effect, to clarify statements in the order entered June 18, 2018, [*2]regarding the imposition of a constructive trust is dismissed, without costs or disbursements; and it is further,
ORDERED that the order entered December 5, 2018, is reversed insofar as reviewed on the appeal and insofar as cross-appealed from, on the law, without costs or disbursements, so much of the order entered June 18, 2018, as directed the plaintiffs Philip Laffey and Mark Laffey and nonparty Emmett Laffey to each pay one-third of the receiver's unpaid commissions is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
The plaintiffs Philip Laffey and Mark Laffey and nonparty Emmett Laffey are brothers (hereinafter collectively the brothers). In the 1970s, their father, Thomas Laffey, established several real estate businesses in Nassau County and Queens County. In the 1990s, the father gifted to each brother his own separate and independent real estate company and affiliated office. The father also gifted to the brothers an entity known as U.S. 1 Laffey Real Estate of Bellerose Corp., which the brothers jointly owned in equal one-third shares. Thereafter, the brothers, while each continuing to maintain their separate offices, engaged in a series of corporate transactions whereby the jointly owned and operated office was renamed U.S. 1 Laffey Real Estate Corp.
By 2012, the brothers' business relationship had soured, resulting in an alignment of Philip and Mark against Emmett. Thereafter, Philip and Mark, together with various companies they controlled, commenced two separate actions against Emmett and others, and Emmett commenced an action against Philip and Mark. These three actions were joined for trial. After a nonjury trial held in March and April 2015, the Supreme Court, inter alia, dismissed the parties' respective causes of action for injunctive relief and damages, and made several declarations regarding the parties and their positions in certain Laffey entities. Furthermore, a temporary receiver who had been appointed by the court in January 2013 was discharged in November 2015.
The acrimony among the brothers persisted, however, and in December 2016, Emmett commenced an action against Philip, Mark, and various entities that Philip and Mark had formed, alleging, inter alia, that Philip and Mark had transferred assets from entities jointly owned with Emmett to their own entities. In an order dated January 12, 2017, the Supreme Court, inter alia, granted Emmett's motion to appoint a receiver over five jointly owned companies and three companies formed by Philip and Mark, including Laffey Fine Homes of New York, LLC, and appointed John Spellman as the receiver. In April 2017, Emmett moved, inter alia, for summary judgment declaring that Laffey Fine Homes of New York, LLC, is the successor in interest to U.S. 1 Laffey Real Estate Corp. and that he owned a one-third interest in Laffey Fine Homes of New York, LLC. In an order dated June 13, 2017, the court granted the motion to the extent of imposing a constructive trust upon the income and assets of Laffey Fine Homes of New York, LLC, in favor of U.S. 1 Laffey Real Estate Corp., pending final determination of the action. Philip, Mark, and the other defendants in that action filed a notice of appeal from the order dated June 13, 2017, but the appeal was not perfected and thereafter deemed dismissed by this Court.
In September 2017, Philip, Mark, and several companies they own or control (hereinafter collectively the plaintiffs) commenced this action against a number of companies solely owned by Emmett (hereinafter the defendants). The plaintiffs asserted, inter alia, causes of action to recover damages for conversion and for an accounting. In an order dated December 21, 2017, the Supreme Court, as relevant here, granted that branch of the plaintiffs' motion which was to appoint a receiver for the defendants. The defendants Laffey Fine Homes International, LLC, Laffey Fine Homes International of Woodbury, LLC, Laffey Fine Homes of Woodbury, LLC, Laffey International Realty, LLC, Laffey Real Estate, LLC, Laffey Referral Network, Inc., and US 1 Laffey of Williston Park, Inc. (hereinafter collectively the LFHI defendants), then moved, inter alia, for leave to reargue their opposition to that branch of the plaintiffs' motion which was to appoint a receiver. In an order entered June 18, 2018, the court granted leave to reargue and, upon reargument, denied that branch of the plaintiffs' motion which was to appoint a receiver and thereupon directed the brothers to each pay one-third of the receiver's commissions. In that order, the court also set forth a detailed factual and procedural history of the brothers' business relationship and the prior [*3]actions, including statements regarding the imposition of a constructive trust upon Laffey Fine Homes of New York, LLC.
Thereafter, the plaintiffs moved, in effect, to clarify the statements in the order entered June 18, 2018, regarding the imposition of a constructive trust upon Laffey Fine Homes of New York, LLC. The receiver moved pursuant to CPLR 8004(b) for the payment of his unpaid commissions. The plaintiffs cross-moved, inter alia, to direct Emmett to pay one-third of the receiver's unpaid commissions. In an order entered December 5, 2018, the Supreme Court, inter alia, denied the plaintiffs' motion, granted the receiver's motion to the extent of directing the brothers to each pay one-third of the receiver's unpaid commissions, and granted that branch of the plaintiffs' cross motion which was to direct Emmett to pay one-third of the receiver's unpaid commissions. The plaintiffs appeal from the orders entered June 18, 2018, and December 5, 2018, and the LFHI defendants cross-appeal from the order entered December 5, 2018.
We dismiss the appeal from so much of the order entered June 18, 2018, as contained statements regarding the imposition of a constructive trust upon Laffey Fine Homes of New York, LLC, in a prior action, as the plaintiffs are not aggrieved by those portions of the order, which constitute dicta, including the statement that a constructive trust is a final remedy and its implications on Emmett's ownership interests in disputed entities. "That a decision 'may contain language or reasoning which . . . parties deem adverse to their interests does not furnish them with a basis for standing to take an appeal'" (Naula v Utokilen, LLC, 180 AD3d 1058, 1060, quoting Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473). We also dismiss the appeal from so much of the order entered June 18, 2018, as directed Philip and Mark to each pay one-third of the receiver's commissions, as those portions of the order were superseded by the order entered December 5, 2018.
We dismiss the appeal from so much of the order entered December 5, 2018, as denied the plaintiffs' motion, in effect, to clarify the statements in the order entered June 18, 2018, regarding the imposition of a constructive trust upon Laffey Fine Homes of New York, LLC, in a prior action, since the motion was directed at clarifying dicta, including the statements involving the remedy of constructive trust, and no appeal lies therefrom (see Naula v Utokilen, LLC, 180 AD3d at 1060; Dorvilier v Champion Mtge. Co., 156 AD3d 761).
As to the portions of the order entered December 5, 2018, determining the receiver's motion and the plaintiffs' cross motion concerning the payment of the receiver's unpaid commissions, the matter should be remitted to the Supreme Court, Nassau County, for a hearing.
CPLR 8004 provides, in relevant part, that: "(a) Generally. A receiver, except where otherwise prescribed by statute, is entitled to such commissions, not exceeding five per cent upon the sums received and disbursed by him [or her], as the court by which he [or she] is appointed allows . . . . (b) Allowance where funds depleted. If, at the termination of a receivership, there are no funds in the hands of the receiver, the court, upon application of the receiver, may fix the compensation of the receiver and the fees of his [or her] attorney, in accordance with the respective services rendered, and may direct the party who moved for the appointment of the receiver to pay such sums, in addition to the necessary expenditures incurred by the receiver."
A receiver is required to render a full accounting. While CPLR 8004(b) permits a court to direct the party who moved for the appointment of a receiver to pay necessary expenses and compensation which exceed the money in the receiver's hand at the termination of the receivership, "special circumstances must be demonstrated before this burden is imposed" (Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp., 123 AD2d 840, 841). In determining whether special circumstances exist, important factors for a court to consider are the degree of necessity of the expenses and the benefit received by the party who moved for the receivership (see Litho Fund Equities v Alley Spring Apts. Corp., 94 AD2d 13, 17).
Here, as a general proposition, the parties maintain that a hearing should have been held prior to any determination on the issue of payment of the receiver's commissions. Specifically, [*4]however, the plaintiffs contend that it was Emmett who requested the appointment of a receiver and that they should not be held personally liable for payment of two-thirds of the receiver's unpaid commissions. The LFHI defendants argue that Emmett should not be held personally liable for payment of one-third of the receiver's unpaid commissions because Emmett is not a party to this action, that there are no special circumstances warranting the imposition of personal liability against him, and that the plaintiffs also sought the appointment of a receiver.
As noted by the Supreme Court, the receiver, in his motion for the payment of his unpaid commissions, expressly requested a hearing. Moreover, there is nothing in the record indicating that the parties and the receiver consented to the motion being determined on documentary submissions alone. Indeed, the submissions raised questions of fact as to how much money, if any, the LFHI defendants possessed for satisfying the receiver's commissions. Given the complexity of the issues and the contentious nature of the proceedings, the court should not have decided the receiver's motion and the plaintiffs' cross motion without first having conducted an evidentiary hearing (see Key Bank of N.Y. v Anton, 241 AD2d 482, 484). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine, inter alia, the value of the services rendered by the receiver and his entitlement thereto, whether there were insufficient funds on hand to pay the balance of the receiver's commissions, and whether special circumstances exist to warrant the imposition of personal liability on Philip, Mark, and/or Emmett for payment of the receiver's unpaid commissions, and for a new determination thereafter of the receiver's motion and the plaintiffs' cross motion.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court