Greater N.Y. Mut. Ins. Co. v Kinsale Ins. Co. (2024 NY Slip Op 01778)

Greater N.Y. Mut. Ins. Co. v Kinsale Ins. Co.

2024 NY Slip Op 01778

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 655947/21, 652171/22 Appeal No. 1953-1954 Case No. 2023-04454, 2023-02821 

[*1]Greater New York Mutual Insurance Company, Respondent,
v
Kinsale Insurance Company, Appellant.
Greater New York Mutual Insurance Company, Respondent,
v
Kinsale Insurance Company, Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Kinney Lisovicz Reilly & Wolff PC, New York (Michael S. Chuven of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered November 23, 2022, which, to the extent appealed from, denied defendant Kinsale Insurance Company's motion to dismiss or, in the alternative, to stay the action in Index No. 655947/2021, unanimously reversed, on the law, with costs, and the motion granted to the extent of staying the action pending arbitration. Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about October 28, 2022, which denied Kinsale's motion to dismiss or, in the alternative, to stay the action in Index No. 652171/2022, unanimously reversed, on the law, with costs, and the motion granted to the extent of staying the action pending arbitration.
Both actions should have been stayed pending arbitration. The identical provisions in Kinsale's policies, which require "[a]ll disputes over coverage . . . including whether an entity or person is . . . an additional insured . . . shall be submitted to binding arbitration," clearly and unambiguously apply to the instant disputes concerning the rights of plaintiff's insureds as additional insureds under Kinsale's policies (see Matter of Kensington Ins. Co. v James Riv. Specialty Ins. Co., 122 AD3d 537, 537 [1st Dept 2014]). That plaintiff Greater New York Mutual Insurance Co. (GNY) is not a party to Kinsale's policies is of no moment as GNY seeks to enforce other provisions of the policies against Kinsale (see Insurance Co. of Greater New York v Kinsale Insurance Co., 2023 WL 7736653 at *2, 2023 US Dist. LEXIS 204754 at *6-7 [SD NY Nov. 15, 2023, No. 23CV3577 (JMF); Matter of Kensington Ins. Co., 122 AD3d at 537). The fact that Kinsale disclaimed coverage did not result in waiver of its right to arbitrate (see Matter of Kensington Ins. Co., 122 AD3d at 537). Matter of Allcity Ins. Co. (Jimenez) (78 NY2d 1054, 1056 [1991]) does not advance plaintiff's claim that the right to arbitrate was a condition or exclusion requiring disclaimer, which argument we find unpersuasive. Nor did Kinsale's actions in either action constitute waiver as it did not unreasonably delay in seeking to arbitrate (see Matter of NBC Universal Media, LLC v Strauser, 190 AD3d 461, 461-462 [1st Dept 2021]). Plaintiff's reliance on the service of suit provision is unavailing to disturb Kinsale's right to arbitrate (Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534-535 [1996]).
Supreme Court properly found that plaintiff effected proper service to establish personal jurisdiction under Index No. 655947/2021. It is undisputed that Kinsale designated the New York State Department of Financial Services (DFS) as its attorney for service of process (see Insurance Law §§ 1212; 1213). DFS acknowledged that plaintiff served the summons and complaint on it. Therefore, service was complete to establish personal jurisdiction, notwithstanding that DFS forwarded notice to Kinsale's old address. We note that Kinsale was afforded relief when Supreme Court denied GNY's motion for a default judgment [*2]against it. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024