Matter of Progressive Cas. Ins. Co. v Lai (2026 NY Slip Op 00133)

Matter of Progressive Cas. Ins. Co. v Lai

2026 NY Slip Op 00133

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-02172
 (Index No. 62586/22)

[*1]In the Matter of Progressive Casualty Insurance Company, appellant, 
vGrace Lai, respondent.

Jennifer S. Adams, Yonkers, NY (Michael A. Zarkower of counsel), for appellant.
Morgan & Morgan (Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Nicholas S. Bruno, and Ross Friscia], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Westchester County (James L. Hyer, J.), dated January 20, 2023. The order, insofar as appealed from, upon the granting of the petition to permanently stay arbitration, stated that the issue of whether conditions precedent were satisfied is one for an arbitrator to decide.
ORDERED that the appeal is dismissed, without costs or disbursements, as the petitioner is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144).
Inasmuch as the Supreme Court granted the petition, the petitioner is not aggrieved by the order (see CPLR 5511; NYCTL 2011-A Trust v Master Sheet Co., Inc., 150 AD3d 755, 756; Alberi v Rossi, 117 AD2d 574). The court's statement is not reviewable, "as no appeal lies from dicta" (Waldorf v Waldorf, 117 AD3d 1035, 1035; see Dorvilier v Champion Mtge. Co., 156 AD3d 761, 762).
Accordingly, the appeal must be dismissed.
In light of our determination, we need not reach the parties' remaining contentions.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court