Deutsche Bank Natl. Trust Co. v Arrigo

2026 NY Slip Op 02102

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,

v

Susan M. Arrigo, etc., appellant, et al. defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2020-06895, (Index No. 603252/15)

Hector D. Lasalle, P.J.

Lara J. Genovesi

Linda Christopher

Laurence L. Love, JJ.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.

Houser LLP, New York, NY (Kathleen M. Massimo and Rosemarie C. Hebner of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Susan M. Arrigo, individually and as administrator of the estate of Michael E. Arrigo, appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated August 17, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Michael E. Arrigo, to strike his answer and third, fourth, and fifth affirmative defenses, alleging noncompliance with RPAPL 1304 and 1306 and Banking Law § 6-1, respectively, and for an order of reference, denied that branch of Michael E. Arrigo's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him, and made certain statements regarding the applicability of CPLR 205(a).

ORDERED that the appeal by the defendant Susan M. Arrigo, individually, is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,

ORDERED that the appeal by the defendant Susan M. Arrigo, as administrator of the estate of Michael E. Arrigo, from so much of the order as made certain statements regarding the applicability of CPLR 205(a) is dismissed, as that defendant is not aggrieved by that portion of the order appealed from (see CPLR 5511); and it is further,

ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Michael E. Arrigo, to strike his answer and fifth affirmative defense, alleging noncompliance with Banking Law § 6-1, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as reviewed on the appeal by the defendant Susan M. Arrigo, as administrator of the estate of Michael E. Arrigo; and it is further,

ORDERED that one bill of costs is awarded to the defendant Susan M. Arrigo, as administrator of the estate of Michael E. Arrigo.

In October 2006, the defendant Susan M. Arrigo (hereinafter the defendant) and Michael E. Arrigo (hereinafter the decedent) executed a note in the sum of $296,000. The note was secured by a mortgage on certain real property located in Bay Shore (hereinafter the premises). In 2015, the plaintiff commenced this action to foreclose the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the decedent, to strike his answer and third, fourth, and fifth affirmative defenses, alleging noncompliance with RPAPL 1304 and 1306 and Banking Law § 6-1, respectively, and for an order of reference. The decedent opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304 and 1306 and Banking Law § 6-1. In an order dated August 17, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the decedent's cross-motion. The decedent and the defendant appealed. During the pendency of the appeal, the decedent died, and the defendant, as administrator of the decedent's estate, was substituted for the decedent.

"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]). A plaintiff can establish proof of the requisite mailing by submitting domestic return receipts, proof of a standard office procedure designed to ensure that the notices are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21).

Contrary to the defendant's contention, the Supreme Court correctly determined that the plaintiff established, prima facie, its compliance with RPAPL 1304. In support of its motion, the plaintiff submitted an affidavit of Benjamin Verdooren, who was employed as a senior loan analyst for Ocwen Financial Corporation, which has as its indirect subsidiary Ocwen Loan Servicing, LLC, the plaintiff's loan servicer (hereinafter the loan servicer). Verdooren, whose job duties included reviewing the loan servicer's "correspondence to and from borrowers," attested that he had personal knowledge and training as to how the loan servicer's servicing records were created and maintained and that he was familiar with the loan servicer's "office practices and procedures, which ensure that mailed items are properly addressed and mailed by registered or certified and first class mail." Additionally, Verdooren confirmed that the "servicing records" of a prior loan servicer "were merged and incorporated into Ocwen's business records and verified in accordance with Ocwen's policies and procedures." Papers received from other entities "may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209).

Attached to Verdooren's affidavit was a copy of an RPAPL 1304 notice dated November 13, 2014, which had been mailed to the decedent at the premises, along with envelopes reflecting mailing by both certified and first-class mail and a United States Postal Service certified mail receipt for the notice that was signed by the defendant. The tracking number on the signed certified mail receipt matches the tracking number on the certified mail envelope. This evidence was sufficient to establish, prima facie, that the plaintiff complied with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21). In opposition, the decedent failed to raise a triable issue of fact. The decedent's simple denial of receipt of the RPAPL 1304 notice in an affidavit, notwithstanding the defendant's signature on the certified mail receipt, was insufficient to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the decedent's third affirmative defense, alleging noncompliance with RPAPL 1304. For the same reason, the decedent was not entitled to summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21).

Contrary to the defendant's contention, the Supreme Court correctly determined that [*2]the plaintiff established, prima facie, that it complied with RPAPL 1306 "by submitting a copy of a proof of filing statement from the New York State Department of Financial Services" (U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d 966, 968; see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1128). In opposition, the decedent failed to raise a triable issue of fact. Therefore, the court properly granted that branch of the plaintiff's motion which was to strike the decedent's fourth affirmative defense, alleging noncompliance with RPAPL 1306. For the same reason, the decedent was not entitled to summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1306.

However, contrary to the Supreme Court's determination, the plaintiff failed to establish, prima facie, that it complied with Banking Law § 6-l, which contains certain protections against predatory lending. The decedent's fifth affirmative defense, alleging noncompliance with Banking Law § 6-1, was not barred by any statute of limitations. Although a private action against a lender or mortgage broker pursuant to Banking Law § 6-l "must be commenced within six years of origination of the high-cost home loan" (id. § 6-l[6]), in a foreclosure action by an assignee, the borrower may assert "any claims in recoupment and defenses to payment under [Banking Law § 6-l] and with respect to the loan, without time limitations, that the borrower could assert against the original lender" (id. § 6-l[13] [emphasis added]).

The plaintiff did not otherwise establish that it complied with Banking Law § 6-l. Under Banking Law § 6-l(1)(d), a "high-cost home loan" is defined as "a home loan in which the terms of the loan exceed one or more of the thresholds as defined in" Banking Law § 6-l(1)(g). Under Banking Law § 6-l(1)(g)(ii), the threshold is met when, as relevant here, the total points and fees exceed five percent of the total loan amount. Here, there are triable issues of fact as to whether the total points and fees exceeded five percent of the total loan amount (see id. § 6-l[1][f], [g]; Goshen Mtge., LLC v Giertl, 180 AD3d 651, 654). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the decedent, to strike his answer and fifth affirmative defense, alleging noncompliance with Banking Law § 6-1, and for an order of reference. For the same reason, the decedent was not entitled to summary judgment dismissing the complaint insofar as asserted against him for failure to comply with Banking Law § 6-l.

Finally, the defendant is not aggrieved by the Supreme Court's statements regarding the applicability of CPLR 205(a), as those statements constitute dicta (see Laffey v Laffey Fine Homes Intl., LLC, 192 AD3d 878, 881). "That a decision 'may contain language or reasoning which . . . parties deem adverse to their interests does not furnish them with a basis for standing to take an appeal'" (Naula v Utokilen, LLC, 180 AD3d 1058, 1060, quoting Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473).

LASALLE, P.J., GENOVESI, CHRISTOPHER and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court