■ STANLEY MARKOWITZ, Respondent, v MARK LANDAU et al., Appellants.—Order, Supreme Court, New York County (Kristin Booth Glen, J.) entered February 5, 1990, which denied defendants' motion for summary judgment, and granted plaintiff's cross-motion for summary judgment, unanimously affirmed, with costs.

Plaintiff commenced this action to recover damages for breach of a commercial store lease. The defendants, the original lessees, purportedly assigned the lease to a corporation in which they were the principal stockholders and officers, as they were permitted to do under the terms of the lease, with the consent of the landlord, but admittedly failed to post the security deposit of $10,000 required by the terms of the lease, which also conditioned the assignment as follows: "provided that Tenant has kept, paid, observed and performed all the terms, covenants and conditions of this Lease on its part to be performed, the Landlord agrees that he will not unreasonably withhold his consent to the assignment of this lease". Defendants thereafter abandoned the premises, and plaintiff was not able to relet for approximately six months.

The court found the assignment to the corporation to be invalid because defendants were in default of the lease prior to the time of the assignment, for failure to pay the security

deposit, and granted partial summary judgment in favor of plaintiff.

The court correctly interpreted the intent of the parties, as shown by the four corners of the lease and accompanying documents, giving a practical interpretation to the language employed and the parties' reasonable expectations *(Tantleff v Truscelli,* 110 AD2d 240, *affd* 69 NY2d 769). The furnishing of the security deposit is a substantial obligation of the tenancy, as it provides a fund from which the landlord can draw for unpaid rent or damages and which puts the landlord into the status of a secured creditor (74 NY Jur 2d, Landlord and Tenant, § 601; *Glass v Janbach Props.,* 73 AD2d 106). Under the circumstances, and in light of the specific provisions of the lease, it is clear that the parties intended that the assignment would be effective only if the defendants were not in default at the time of the assignment. Concur—Milonas, J. P., Kupferman, Asch, Kassal and Smith, JJ.