Prando v Kelly (2021 NY Slip Op 51241(U))

[*1]

Prando v Kelly

2021 NY Slip Op 51241(U) [73 Misc 3d 144(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-989 D C

Gregory Prando, Appellant,
against
Sean Kelly and Renee Kelly, Respondents.

Gregory Prando, appellant pro se.
Sean Kelly and Renee Kelly, respondents pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Justice Court of the Town of
East Fishkill, Dutchess County (Brian M. Rudner, J.), entered September 11, 2020. The
judgment, after a nonjury trial, awarded plaintiff the principal sum of $835.

ORDERED that so much of the appeal as is from the Justice Court's finding that defendants
presented competent evidence that plaintiff was the cause of damage to their well pump is
dismissed; and it is further,
ORDERED that the judgment, insofar as reviewed, is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $2,425 from his
former landlords.
At a nonjury trial, the evidence showed that, in 2014, the parties had entered into a one-year
lease of residential premises and plaintiff had paid defendants $1,500 as a security deposit. After
the termination of the lease, plaintiff continued his tenancy until, having given defendants two
months' notice, he vacated the premises on February 29, 2020. On March 21, 2020, plaintiff
inquired about his security deposit. Approximately two weeks after plaintiff supplied his new
address to defendants, they returned $777.50 to him, which sum included $665 of his security
deposit and $112.50 interest that had accrued on the security deposit. Defendants provided
plaintiff with a breakdown of the sum they had retained to cover cleaning and repair costs.
Plaintiff testified that his action sought the return of the balance of his security deposit, plus a
sum for electricity charges he had allegedly incurred due to a faulty well water system, as well as
[*2]punitive damages, to which he claimed entitlement pursuant
to General Obligations Law § 7-108 (1-a) (e), (g), as a result of defendants' delay in
returning his security deposit and their retention of a portion thereof.
Defendants justified their retention of $835 of the security deposit based on plaintiff's alleged
damage to the premises and a claimed verbal agreement that plaintiff would pay cleaning costs
after he moved out. Defendants introduced into evidence a series of text messages between
defendant Sean Kelly and plaintiff concerning, among other things, the need for plaintiff to keep
the well pump running to avoid damage to the pump, and defendants' paid bill for repairs that
were performed on the well, the pump, and the well adaptor. Defendant Renee Kelly asserted that
she had delayed returning plaintiff's security deposit because, among other things, she had not
known his new address.
Following the trial, the Justice Court, citing defendants' failure to comply with General
Obligations Law § 7-108 (1-a) (e), found that defendants had "forfeited their right to retain
any portion of plaintiff's security deposit," and awarded plaintiff $835, which represented the
balance of the security deposit that defendants had retained. It declined to award plaintiff
punitive damages pursuant to General Obligations Law § 7-108 (1-a) (g), which permits
such an award where a landlord acts "willfully" in failing to timely return a security deposit. The
court found that defendants had "presented competent evidence at trial" that plaintiff had caused
damage to their well pump, that defendants had incurred expenses repairing the premises after
plaintiff moved out, and that defendants' failure to comply with the 14-day statutory mandate for
the return of a security deposit had been "innocent."
On appeal, plaintiff requests this court to strike the Justice Court's finding that defendants
acted "innocently" in failing to timely return his security deposit, and, on that basis, to determine
that he is entitled to an award of punitive damages. Separately, plaintiff requests this court to
strike the Justice Court's finding that defendants presented competent evidence of the damages
plaintiff allegedly caused.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]).
General Obligations Law § 7-108 (1-a) (e) provides that a landlord who fails to provide
a tenant with an itemized statement indicating the basis for retaining any portion of a security
deposit within 14 days after the tenant has vacated the premises forfeits the right to retain any
portion of the deposit. It was pursuant to this provision that the Justice Court awarded plaintiff
the $835 portion of the security deposit which defendants had retained. Under General
Obligations Law § 7-108 (1-a) (g), any person who is "found to have willfully violated" the
statutory requirements pertaining to security deposits "shall be liable for punitive damages of up
to twice the amount of the deposit or advance." Willfulness is a factual determination with
credibility being one of the factors (see e.g. Matter of Jarvis v Lashley, 169 AD3d 1043,
1044 [2019]; Mortimer v Lynch, 119 AD2d 558, 559 [1986]). Credibility findings are, in
the first instance, the province of the trial court and given substantial deference (see Vizzari v
State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511
[1991]), and apply with greater force to judgments rendered in the Small Claims Part of the court
(see Williams v [*3]Roper, 269 AD2d at 126). In the
circumstances presented here, we find no reason to disturb the Justice Court's finding that
defendants' failure to return the amount of plaintiff's security deposit to which plaintiff was
entitled within 14 days after he vacated the premises was "innocent," not willful, and, thus, that
punitive damages were not warranted.
Since the Justice Court awarded plaintiff the balance of his security deposit based on
defendants' violation of General Obligations Law § 7-108 (1-a) (e) and without regard to
defendants' claim of entitlement to retain a portion thereof based on various expenses they had
allegedly incurred, plaintiff was not aggrieved by the Justice Court's finding, which constituted
dicta, to the effect that defendants had presented competent evidence of the damage plaintiff
allegedly caused to the premises (see Naula v Utokilen, LLC, 180 AD3d 1058, 1060
[2020]). Consequently, we do not reach the issue of whether the Justice Court properly found that
defendants' evidence of damage was "competent" (see id. at 1060; cf. Parochial Bus
Sys. v Board of Educ. of City of NY, 60 NY2d 539, 545 [1983]).
Accordingly, so much of the appeal as is from the Justice Court's finding that defendants
presented competent evidence that plaintiff was the cause of damage to their water pump is
dismissed. The judgment, insofar as reviewed, is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2021