Douglas v Kone (2022 NY Slip Op 02531)

Douglas v Kone

2022 NY Slip Op 02531

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-08204
 (Index No. 515025/15)

[*1]Joseph Dexter Douglas, plaintiff-respondent,
v
Ahissata Kone, et al., defendants-respondents, Flat Gas, Inc., et al., appellants.

Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, Merril S. Biscone, and Evan H. Krinick of counsel), for appellants.
Joseph Delio & Associates (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Flat Gas, Inc., and BP/AMOCO Car Wash appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated October 6, 2020. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he was struck by a vehicle in front of a car wash operated by the defendants Flat Gas, Inc., and BP/AMOCO Car Wash (hereinafter together the defendants). The plaintiff testified at his deposition that, after his vehicle was washed at the defendants' car wash, an employee of the defendants parked the vehicle in the street to dry it off. When the plaintiff was advised that his vehicle ready to go, he approached the driver's side door of his vehicle but found that it was locked. One of the defendants' employees then tossed the plaintiff's keys into the air, and they landed in the roadway next to the driver's side door of the plaintiff's vehicle. The plaintiff was struck by another vehicle as he was in the roadway to retrieve the keys. Following discovery, the defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In an order dated October 6, 2020, the Supreme Court denied the defendants' motion. The defendants appeal.
The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The defendants' submissions failed to establish, prima facie, that any negligence on their part merely furnished the condition or occasion for the occurrence of the accident but was not one of its proximate causes (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316-317; Gall v Schwed, 119 AD3d 524, 525-526; Iqbal v Thai, 83 AD3d 897, 898). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the court properly denied their motion without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med Ctr., 64 NY2d 851, 853).
We decline the plaintiff's request to search the record and award him summary judgment on the issue of liability.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court