Pezzolla v Family Fruit 2, Inc. (2023 NY Slip Op 05280)

Pezzolla v Family Fruit 2, Inc.

2023 NY Slip Op 05280

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-07528
 (Index No. 152367/21)

[*1]Nancy Pezzolla, respondent,
v
Family Fruit 2, Inc., appellant.

Smith Mazure, P.C., New York, NY (Carol G. Morokoff of counsel), for appellant.
Joseph A. Romagnolo, Staten Island, NY (John Z. Marangos of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated August 23, 2022. The order, in effect, granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging culpable conduct on the part of the plaintiff.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging culpable conduct on the part of the plaintiff is denied.
In December 2021, the plaintiff commenced this action against the defendant to recover damages for personal injuries she allegedly sustained when she fell inside the defendant's store on February 10, 2021. In June 2022, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging culpable conduct on the part of the plaintiff. The Supreme Court, in effect, granted the motion. The defendant appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Sapienza v Harrison, 191 AD3d 1028, 1029). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312, 323). Nevertheless, a plaintiff moving for summary judgment dismissing a defendant's affirmative defense of comparative negligence may seek to establish freedom from comparative fault as a matter of law (see Diamond v Comins, 194 AD3d 784, 785; Poon v Nisanov, 162 AD3d 804, 808).
Here, the plaintiff failed to establish, prima facie, that the defendant was negligent in maintaining its premises, that the defendant's alleged negligence proximately caused the accident, and that the plaintiff did not contribute to the happening of the accident (see Marazita v City of New York, 202 AD3d 951, 952; Ramirez v Wangdu, 195 AD3d 646, 647; see generally Ingersoll v Liberty Bank of Buffalo, 278 NY 1). In support of her motion, the plaintiff submitted a transcript of her [*2]deposition testimony, which raised triable issues of fact as to whether the floor where she fell was in a hazardous condition, whether she knew what had caused her to fall, and whether she simply misstepped.
Since the plaintiff failed to meet her prima facie burden, the Supreme Court should have denied her motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging culpable conduct on the part of the plaintiff without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We decline to search the record and award the defendant summary judgment dismissing the complaint.
BARROS, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court