Case v 575 Classon Ave., LLC (2024 NY Slip Op 50199(U))

[*1]

Case v 575 Classon Ave., LLC

2024 NY Slip Op 50199(U)

Decided on February 9, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 9, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-981 K C

Emily Case, Respondent,
against
575 Classon Avenue, LLC, Appellant. 

575 Classon Avenue, LLC, appellant pro se.
The Auslaender Firm, P.C. (Justin Auslaender of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Rachel Freier, J.), entered June 21, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $10,000 and dismissed defendant's counterclaim.

ORDERED that the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $4,803; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover $10,000 from defendant, her former landlord, representing, as is relevant here, her security deposit and statutory damages for willfully violatingGeneral Obligations Law § 7-108 (1-a) (e) (see General Obligations Law § 7-108 [1-a] [g]). Defendant interposed a counterclaim seeking $10,000 for damage to the apartment including damage not covered by the security deposit.
At a nonjury trial, it was undisputed that the parties' initial unregulated lease required a $4,803 security deposit. The lease was subsequently renewed for a one-year term ending December 2019. It was also undisputed that plaintiff remained in the apartment through May 2020, that defendant accepted monthly rent from plaintiff during that period, and that defendant retained the full security deposit. Following the trial, the Civil Court (Rachel Freier, J.) awarded judgment to plaintiff in the principal sum of $10,000 and dismissed defendant's counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, [*2]269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams, 269 AD2d at 126).
General Obligations Law § 7-108, the security deposit statute, was amended by the Housing Stability and Tenant Protection Act of 2019 (HSTPA) to add subdivision 1-a, which, states, insofar as is relevant to this appeal:
"(e) Within fourteen days after the tenant has vacated the premises, the landlord shall provide the tenant with an itemized statement indicating the basis for the amount of the deposit retained, if any, and shall return any remaining portion of the deposit to the tenant. If a landlord fails to provide the tenant with the statement and deposit within fourteen days, the landlord shall forfeit any right to retain any portion of the deposit.
. . .
(g) Any person who violates the provisions of this subdivision shall be liable for actual damages, provided a person found to have willfully violated this subdivision shall be liable for punitive damages of up to twice the amount of the deposit or advance."
Upon defendant's acceptance of plaintiff's rent for January through May 2020, the parties created a renewal tenancy (see Real Property Law § 232-c; Miske v Selvaggi, 175 AD3d 1526 [2019]) and, therefore, the new provisions set forth in the HSTPA applied to this tenancy (see L 2019, ch 36, § 1, part M, § 29 [providing an effective date of July 14, 2019 and applying to renewal leases and rental agreements entered into after that date]). Thus, contrary to its argument, defendant was required to comply with General Obligations Law § 7-108 (1-a) (e). Consequently, the "actual damages" for defendant's failure to provide an itemized statement within 14 days would be the amount of the retained deposit of $4,803, and, upon a finding of willfulness, punitive damages under General Obligations Law § 7-108 (1-a) (g) would be "up to" twice that amount, or an additional $9,606. 
Implicit in the court's award of $10,000, the jurisdictional limit of the Small Claims Part (see CCA 1801), is a finding that defendant did not provide an itemized statement to plaintiff within 14 days of her vacatur from the apartment, as required by General Obligations Law § 7-108 (1-a) (e), and that such failure was willful (see General Obligations Law § 7-108 [1-a] [g]). Upon our review of the record, we are of the opinion that substantial justice was not done between the parties (see CCA 1804, 1807) to the extent that the record does not support a finding of willfulness, and, thus, the award to plaintiff should be reduced to the actual damages, i.e., the amount of the security deposit.
We need not decide here what effect a landlord's forfeiture of its "right to retain any portion of the deposit" (General Obligations Law § 7-108 [1-a] [e]) might have on a landlord's counterclaim to recover for damage to an apartment, as the record supports the Civil Court's implicit finding, demonstrated by its dismissal of the counterclaim, that defendant did not prove that any damage to the premises was attributable to plaintiff. 
Finally, defendant argues that there was a lack of due process based on the court's evidentiary rulings. However, defendant did not demonstrate that any additional evidence could [*3]have changed the outcome of the trial. 
Accordingly, the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $4,803.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 9, 2024