Cohen v Abruzzo (2024 NY Slip Op 03163)

Cohen v Abruzzo

2024 NY Slip Op 03163

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-05370
 (Index No. 611931/20)

[*1]Mitchell Cohen, appellant, 
v
Anthony Abruzzo, et al., respondents.

Arnold A. Arpino & Associates, P.C., Hauppauge, NY (David A. Arpino of counsel), for appellant.
Colleran O'Hara & Mills LLP, Woodbury, NY (Glenn A. Krebs of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover a security deposit, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated June 21, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 7-108(1-a)(e) insofar as asserted against the defendants Anthony Abruzzo and Grace Abruzzo.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 7-108(1-a)(e) insofar as asserted against the defendants Anthony Abruzzo and Grace Abruzzo is denied.
In May 2020, the plaintiff, as tenant, and the defendants Anthony Abruzzo and Grace Abruzzo (hereinafter together the Abruzzos), as landlords, entered into a lease agreement with regard to a residential home in Wading River. The term was for a period of two months, July and August 2020. Pursuant to the lease agreement, the plaintiff was required to pay the Abruzzos a $20,000 security deposit. Shortly after the commencement of the tenancy, the plaintiff advised the Abruzzos, through counsel, that he wished to vacate the premises before the end of the lease term. The Abruzzos agreed to permit the plaintiff to prematurely terminate the lease agreement, and the plaintiff then vacated the premises on July 24, 2020. The Abruzzos thereafter asserted that the plaintiff had caused damages to the premises. On August 13, 2020, Anthony emailed a list of itemized damages totaling $4,561.48 to the plaintiff and his attorney, along with supporting documents.
The plaintiff subsequently commenced this action against the Abruzzos and another defendant, inter alia, to recover the $20,000 security deposit. The complaint asserted a cause of action to recover damages for an alleged violation of General Obligations Law § 7-108(1-a)(e). Following their receipt of the complaint, the Abruzzos wired the plaintiff's attorney $15,438.52, reflecting the undisputed portion of the security deposit, leaving only the remaining $4,561.48 in dispute. The defendants thereafter moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 7-108(1-a)(e) insofar as asserted against [*2]the Abruzzos. In an order dated June 21, 2022, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
"In 2019, the legislature enacted the Housing Stability and Tenant Protection Act of 2019 (hereinafter HSTPA) (L 2019, ch 36)" (Gridley v Turnbury Vil., LLC, 196 AD3d 95, 101), "landmark legislation making sweeping changes to the rent laws and adding greater protections for tenants throughout the State" (Dugan v London Terrace Gardens, L.P., 186 AD3d 12, 17-18; see Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 36 at 15-16). In order to use security deposit funds to pay the cost of repairing damages caused by a tenant (see generally Markowitz v Landau, 171 AD2d 564, 565), a landlord must comply, among other things, with General Obligations Law § 7-108(1-a)(e), one of the statutory provisions enacted by HSTPA. Pursuant to General Obligations Law § 7-108(1-a)(e), "[w]ithin fourteen days after the tenant has vacated the premises, the landlord shall provide the tenant with an itemized statement indicating the basis for the amount of the deposit retained, if any, and shall return any remaining portion of the deposit to the tenant." General Obligations Law § 7-108(1-a)(e) further provides that, "[i]f a landlord fails to provide the tenant with the statement and deposit within fourteen days, the landlord shall forfeit any right to retain any portion of the deposit" (see 14 E. 4th St. Unit 509 LLC v Toporek, 203 AD3d 17, 25-26; Prando v Kelly, 73 Misc 3d 144[A], 2021 NY Slip Op 51241[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists]).
Here, the parties agree that the plaintiff vacated the premises on July 24, 2020. As a result, pursuant to the express terms of General Obligations Law § 7-108(1-a)(e), the Abruzzos had until August 7, 2020, to provide the plaintiff with an itemized statement. Instead, the Abruzzos sent the plaintiff an itemized statement six days later, on August 13, 2020. As the Abruzzos failed to timely provide the plaintiff with an itemized statement as required by General Obligations Law § 7-108(1-a)(e), they failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of General Obligations Law § 7-108(1-a)(e) insofar as asserted against them. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 7-108(1-a)(e) insofar as asserted against the Abruzzos without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
To the extent the plaintiff asks this Court to search the record and award him summary judgment on the cause of action alleging a violation of General Obligations Law § 7-108(1-a)(e) insofar as asserted against the Abruzzos, we decline to do so (see Pezzolla v Family Fruit 2, Inc., 220 AD3d 897, 898; Douglas v Kone, 204 AD3d 887, 888)
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court