Campbell v Bharak (2026 NY Slip Op 50224(U))

[*1]

Campbell v Bharak

2026 NY Slip Op 50224(U)

Decided on February 24, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

571686/25

 Colin G Campbell, Plaintiff-Respondent, 
againstEyal Bharak, Defendant-Appellant.

Defendant appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, New York County (Jeffrey S. Zellan, J.), entered January 14, 2025, after trial, in favor of plaintiff in the principal sum of $4,200.00.

Per Curiam.
Judgment (Jeffrey S. Zellan, J.), entered January 14, 2025, modified, by reducing plaintiff's recovery to the principal sum of $2,100.00, as modified, judgment affirmed, without costs.
The trial court achieved "substantial justice" consistent with substantive law principles (see CCA §§ 1804, 1807; see also Williams v Roper, 269 AD2d 125, 126 [2000], lv dismissed 95 NY2d 898 [2000]) in resolving the liability aspects of this small claims action. A fair interpretation of the evidence supports the court's award returning plaintiff's $2,100 security deposit, since defendant failed to provide plaintiff with an itemized statement detailing the basis for retention of the deposit within 14 days of plaintiff's vacatur of the apartment, as required by General Obligations Law ("GOL") § 7-108 [1-a] [e] (see Urban v Zipper, 241 AD3d 1186, 1187 [2025]; Cohen v Abruzzo, 228 AD3d 724 [2024]).
However, substantial justice (CCA § 1807) was not done between the parties when the court implicitly awarded plaintiff punitive damages pursuant to GOL § 7-108 [1] [g] (see e.g., Case v 575 Classon Ave., LLC, 81 Misc 3d 144[A], *1, 2024 NY Slip Op 50199[U] [App Term, 2d Dept, 2d 11th & 13th Jud Dists 2024]; Prando v Kelly, 73 Misc 3d 144[A] *2, 2021 NY Slip Op 51241[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). The trial court made no finding of willfulness and the record does not support a finding that defendant "willfully violated" GOL § 7-108. We note, in this regard, that defendant's itemized letter was sent just one day beyond the 14-day deadline, and defendant's photographs of the cabinetry in question showed damage beyond normal wear and tear. As such, the award to plaintiff should be reduced to his actual damages, i.e., the amount of the security deposit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 24, 2026